IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20-CR-333 |
| vs. | |
| THOMAS HOLBERT, | ORDER ON MOTION FOR COMPASSIONATE RELEASE |
| Defendant. | |

Defendant Thomas Holbert pleaded guilty to conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. §§ 1594(c) and 1591(a), and was sentenced to 235 months of incarceration. Filing 141. On February 28, 2023, Holbert filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). Filing 217. The Government opposes Holbert's Motion and asserts that Holbert fails to demonstrate that he has exhausted his administrative remedies. Filing 218. The Court agrees.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. See 18 U.S.C. § 3582(c)(1). The amendment provides for "so-called 'compassionate release.'" *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022).

Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)).

1

Exhausting administrative remedies "is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *Id.*

Here, the Government has raised the issue of non-exhaustion and requests denying Holbert's Motion on that basis. Filing 218 at 3–4. Holbert's Motion and the accompanying documentation does not demonstrate that he has exhausted his administrative remedies. Nowhere does he show that he requested relief from his facility's warden or that he has gone up the administrative chain in the Bureau of Prisons. Nor has Holbert responded to the Government's brief by showing he has exhausted his administrative remedies. Therefore, the Court must deny Holbert's Motion without prejudice. *See Houck*, 2 F.4th at 1084 ("[B]ecause the Government raised the exhaustion issue and [the prisoner] failed to exhaust his administrative remedies prior to filing the motion, the district court was required to dismiss [the prisoner's] motion without prejudice.") Accordingly,

IT IS ORDERED that Thomas Holbert's Motion for Compassionate Release, Filing 217, is denied without prejudice.

Dated this 24th day of March, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge